**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO.: 5:06CR35-V**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **DONNIE JOSEPH HICE,** | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's Notice of Appeal from Order of Magistrate Judge to District Court and Motion for Revocation of Release Order, filed September 7, 2007. (Document #293) The Court subsequently stayed the magistrate judge's order authorizing Defendant's release for purposes of allowing district court review. (Document #292)

Defendant had his original detention hearing in the Western District on July 13, 2006 before U.S. Magistrate Judge Carl Horn. At the conclusion of that hearing, Defendant was released subject to a $50,000.00 unsecured bond. (Document #37) Defendant's conditions of release were modified by consent on February 27, 2007, and Defendant was no longer subject to home detention / electronic monitoring. (Document #204)

On June 20, 2007, a Plea Agreement was filed with the Court. A Plea and Rule 11 Hearing was scheduled but later cancelled. On July 12, 2007, the U.S. Probation Department moved for revocation of Defendant's bond. The alleged violation of pretrial release described within the petition was positive urinalyses results: cocaine on November 8, 2006; and methamphetamine on July 9, 2007. (Document #243) A warrant for Defendant's arrest was issued and Defendant was placed in custody.

On August 1, 2007, a bond revocation hearing was conducted by U.S. Magistrate Judge David Keesler. In revoking Defendant's bond, the magistrate judge noted Defendant "clearly has

1

[a] drug problem." (Document #251)  At that time, Defendant Hice consented to detention so that he could participate in substance abuse treatment.

On September 7, 2007, Defendant tendered a guilty plea to Count One in the Bill of Indictment.  One of the terms of the Plea Agreement was a stipulation that the amount of methamphetamine (mixture and substance) that was reasonably foreseeable to the Defendant was at least 350 grams but less than 500 grams.  Thus, Defendant faces a sentence of not less than 5 years and up to 40 years imprisonment.

At the conclusion of the Plea & Rule 11 Hearing, and at the request of defense counsel, the Magistrate Judge reviewed Defendant's eligibility for bond pending sentencing.  As explained by defense counsel during the hearing, the objective in placing Defendant in custody as a result of his illegal drug use was to effect drug treatment at the Mecklenburg County Jail.  According to counsel, as of the date of the hearing, Defendant had not been able to participate in the jail's drug treatment program given overcrowding as well as the applicant prioritization system employed by the jail.  As a result, Defendant, with the assistance of the U.S. Probation Department, pursued alternative avenues for substance abuse treatment.

Defense counsel Julia Mimms proposed that Defendant remain in custody until Thursday, September 20, 2007, at which time Defendant Hice could be released to enter inpatient drug treatment at The McLeod Center; and following treatment, that Defendant be placed back on bond subject to home detention / electronic monitoring supervision.  Ms. Mimms represented that Scott Lunsford, Pretrial Services Officer, was in agreement with this course of action.

The Government was represented by AUSA Bob Gleason although AUSA Jill Rose is assigned the case. According to the parties, Ms. Rose agreed earlier to the joint defense / probation proposal.  Mr. Gleason opposed *any* form of release from custody based upon the Government's interpretation of the applicable statute, 18 U.S.C. §3143(a)(2). Recognizing the unusual

circumstances this particular case presented, and after much debate regarding logistics, the magistrate judge authorized Defendant's release from the Mecklenburg County Jail *solely* for the purpose of obtaining inpatient drug treatment at the McLeod Center, an unsecured facility.[1] Specifically, the magistrate judge authorized Defendant's release to the custody of a representative of the U.S. Probation Department so that he could be transported to the McLeod Center. An unsecured bond in the amount of $25,000.00 was also to be imposed during the treatment period. The magistrate judge further ordered that upon completion of the drug treatment program, Defendant should be returned to custody for review of detention status by the district court.

### I. Application Of The Bail Reform Act Pending Sentencing

The Court agrees with the Government that Defendant Hice's eligibility for bond is governed by 18 U.S.C. §3143(a)(2) because the Defendant is now awaiting sentencing. Section 3143(a)(2) of the Bail Reform Act provides that:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> > (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
> >
> > (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. §3143(a)(2). The Court likewise agrees with the Government's interpretation of §3143(a)(2) as requiring detention absent the existence of the very narrow exceptions identified

---

[1] A representative of the U.S. Marshal's Service voiced the concern that the McLeod Center, a federally-approved community based facility, is not a secured setting. It is the Court's understanding that McLeod contracts with the Federal Bureau of Prisons and is an approved half-way house facility.

within subsections (A) and (B).[2] There is nothing in the record suggesting that subsections (A)(i) or (ii) are applicable. Rather, the Defendant faces up to forty years imprisonment. In light of the parties' representations regarding Defendant's almost desperate need for substance abuse treatment, the Court thinks it unlikely that Defendant is able to present clear and convincing evidence that the Defendant is not likely to flee and does not pose a danger to the safety of any other person or the community if released.[3]

In the event either party wishes to pursue this matter further, the Court will consider conducting an evidentiary hearing, and entertain the submission of briefs and oral argument on the following issues: 1) whether residential placement at the McLeod Center could be characterized as a form of "detention" for purposes of §3143; and / or 2) the *potential* application of 18 U.S.C. §3145(c), although the latter issue would become moot if Defendant is unable to present the aforementioned clear and convincing evidence.[4]

---

[2] The undersigned is of the view that a magistrate judge's acceptance of a guilty plea triggers application of 18 U.S.C. §3143, and that such a plea is considered binding at that point notwithstanding the fact that the district judge has not yet affirmed acceptance of the plea. In other words, a defendant's tender of a guilty plea under oath, and subsequent acceptance by a magistrate judge, deprives a defendant of the presumption of innocence and any presumption in favor of pretrial release.

[3] When the parties appeared before the magistrate judge, they did not focus their legal arguments on the statutory criteria within Subsections 3143(a)(1) or (a)(2)(B) - whether Defendant was a flight risk or a danger to the community. The undersigned notes also that Defendant's initial pretrial services report indicates that former law enforcement officer, Eric Smith, reported that Defendant Hice, who has ties to the Caldwell County community, did not have a stable residence and could be difficult to locate.

[4] Section 3145(c) reads in part:

> "A person subject to detention pursuant to section 3143(a)(2) . . ., **and who meets the conditions of release set forth in section 3143(a)(1)** . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. §3145(c).

**IT IS, THEREFORE, ORDERED** that the Government's Motion For Revocation Of Release Order is hereby **GRANTED.** Accordingly, the Defendant shall be **DETAINED** pending further order of this Court.

**IT IS FURTHER ORDERED** that the Deputy Clerk is directed to certify copies of this Order to the U.S. Probation Office, U.S. Marshal's Service, Defense Counsel and the United States Attorney's Office.

Signed: October 31, 2007

Richard L. Voorhees
United States District Judge